IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PETER M. JOHNSON | : | |
| 5682 Great Woods Boulevard | : | |
| Columbus, OH 43231 | : | Case No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EDISON MEDIA RESEARCH, INC. | : | |
| 6 W. Cliff Street | : | |
| Somerville, NJ 08876, | : | |
| | : | |
| Defendant. | : | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Jurisdiction and Venue

1.      Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331, granting this Court original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

2.      Plaintiff also invokes the jurisdiction of this Court pursuant to 42 U.S.C. §1983, granting this Court original jurisdiction to issue injunctive relief where a person, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

[1]

3. Plaintiff further invokes the jurisdiction of this Court pursuant to 28 U.S.C. §2201, granting this Court original jurisdiction to declare the rights and other legal relations of any interested party seeking such declaration in a case of actual controversy.

4. Venue in this Court is proper under 28 U.S.C. §1391(b) in that events or omissions giving rise to the claim(s) at issue occurred in this judicial district.

Parties

5. The plaintiff, Peter M. Johnson (hereinafter "Plaintiff"), is a United States citizen residing in the City of Columbus, County of Franklin, and State of Ohio.  At all times material hereto, plaintiff was and is a registered voter, as shown in the records of the Franklin County (Ohio) Board of Elections, and was eligible to vote in the 2016 Ohio Presidential Primary Election held on March 15, 2016.

6. The defendant, Edison Media Research, Inc. (hereinafter "EMR"), is a New Jersey corporation that conducted "exit polls" in this judicial district and elsewhere in the State of Ohio during the Presidential Primary Elections held in the State of Ohio on March 15, 2016.  EMR also conducted "exit polls" in Alabama, Arkansas, Georgia, Massachusetts, Oklahoma, Tennessee, Texas, New Hampshire, Vermont, Virginia, South Carolina, Wisconsin, New York, Indiana, Florida, Illinois, Missouri, North Carolina, Connecticut, Maryland, Pennsylvania, Nebraska, and West Virginia during their respective Presidential Primary Elections held in 2016.

Facts

7. On March 15, 2016, Democratic Presidential Primary and Republican Presidential Primary Elections were held in the State of Ohio to select their respective candidates for the Presidential General Election on November 8, 2016.

8. Plaintiff voted in the Democratic Presidential Primary Election held in the State of Ohio on March 15, 2016. In this election, plaintiff voted at the polling place for his precinct in the City of Columbus, County of Franklin, and State of Ohio.

9. During the Presidential Primary Elections held in the State of Ohio on March 15, 2016, defendant EMR conducted "exit polls" of voters at a sample of polling places selected by EMR in this judicial district and elsewhere in the State of Ohio. EMR intended its sample of precincts to collectively represent the State of Ohio as a whole.

10. Defendant EMR conducted such "exit polls" by interviewing voters, after they voted, at the polling places selected by EMR in this judicial district and elsewhere in the State of Ohio. EMR interviewers at each precinct selected voters exiting the polling place and gave them questionnaires to complete. Each questionnaire asked the voter who he/she voted for; asked the voter about issues affecting his/her vote choice; and asked about the voter's demographics including gender, age, and race. The voter's participation was voluntary and anonymous. Interviewing started when the polls opened and continued throughout the day until one (1) hour before the polls closed.

11. The results of the "exit polls" that EMR conducted on March 15, 2016 during the Presidential Primary Elections in the State of Ohio did not match the actual election outcomes when the votes were counted.

12. The Ohio Secretary of State regularly provides EMR with detailed records of voter demographics and actual election outcomes after the votes are counted, and allows EMR to conduct "exit polls" near polling places.

13. The Ohio Secretary of State provided EMR with detailed records of voter demographics and actual election outcomes after the votes were counted in the Presidential Primary Elections held in the State of Ohio on March 15, 2016.

14. After the Ohio Secretary of State provided EMR with detailed records of voter demographics and actual election outcomes in the Presidential Primary Elections held in the State of Ohio on March 15, 2016, EMR adjusted the results of its "exit polls" to match them.

15. EMR regularly provides the Ohio Secretary of State with adjusted results from its "exit polls" conducted in this judicial district and elsewhere in the State of Ohio.

16. Other states and commonwealths named above regularly provide EMR with detailed records of voter demographics and actual election outcomes after the votes are counted, and allow EMR to conduct "exit polls" near polling places.

17. EMR conducted "exit polls" in Presidential Primary Elections held in the other states and commonwealths named above during 2016.

18. Other states and commonwealths named above provided EMR with detailed records of voter demographics and actual election outcomes after the votes were counted in their respective Presidential Primary Elections during 2016.

19. Other states and commonwealths named above provided EMR with detailed records of voter demographics and actual election outcomes in their respective Presidential Primary Elections, EMR adjusted the results of its "exit polls" to match those outcomes.

20. EMR regularly provides the other states and commonwealths named above with adjusted results from its "exit polls" there.

CLAIM FOR RELIEF: VIOLATIONS OF 42 U.S.C. §1983 BY EMR

21. Plaintiff restates Paragraphs 1 through 20, inclusive, of this Complaint as if fully rewritten herein.

22. "Exit polls" are speech protected by the First Amendment to the United States Constitution because: (a) the information gathered and disseminated in "exit polls" goes to the heart of the democratic process, (b) the process of obtaining the information in "exit polls" requires a significant discussion between pollster and voter, and (c) "exit polls" provide a valued source of reliable data about voter behavior.

23. EMR refuses to provide the plaintiff and people like him with access to its unadjusted "exit poll" results because they do not pay subscription fees to EMR.

24. The Ohio Secretary of State, and other states and commonwealths named above, are aware that EMR refuses to provide the plaintiff and people like him with access to its unadjusted "exit poll" results because they do not pay subscription fees to EMR.

25. For the reasons stated above, there is a close nexus between EMR, the Ohio Secretary of State, and other states and commonwealths named above, such that EMR's conduct may fairly be treated as action under color of state law.

26. The refusal of EMR to provide the plaintiff and people like him with access to its unadjusted "exit poll" results, because they do not pay subscription fees to EMR, unreasonably obstructs, impedes, and interferes with the free exercise of protected speech as described above.

27. The refusal of EMR to provide the plaintiff and people like him with access to its unadjusted "exit poll" results, because they do not pay subscription fees to EMR, is state action that violates plaintiff's rights under the First Amendment to the United States Constitution, applied to EMR through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

28. The refusal of EMR to provide the plaintiff and people like him with access to its unadjusted "exit poll" results, because they do not pay subscription fees to EMR, is state action that violates 42 U.S.C. §1983.

WHERERFORE, plaintiff Peter M. Johnson demands judgment against defendant Edison Media Research, Inc., and further prays that this Court:

a. Declare that defendant Edison Media Research, Inc. acted under color of state law to violate 42 U.S.C. §1983 by infringing on plaintiff's rights granted him by the First Amendment to the United States Constitution, applied to the defendant through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

b. Issue a mandatory injunction ordering defendant Edison Media Research, Inc. to give plaintiff immediate access to its unadjusted results from exit polls taken by the defendant in every Presidential Primary Election during 2016;

c. Award plaintiff the costs and disbursements of this action;

d. Award plaintiff reasonable attorney fees pursuant to 42 U.S.C. §1988; and

e. Grant plaintiff such other relief as is equitable and proper.

Respectfully submitted,

*/s/ Robert J. Fitrakis*
_____
ROBERT J. FITRAKIS
Ohio Sup. Ct. Reg. No. 0076796
    Fitrakis & Gadell-Newton, LLC
    1021 East Broad Street
    Columbus, OH  43205
    Phone:  (614) 307-9783
    Fax: (614) 929-3513
    E-Mail: fgnlegal@gmail.com
    *Counsel for Plaintiff*

[7]